IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VICTOR SANTIAGO, individually and on behalf of a class of similarly situated individuals, ) ) ) PLAINTIFF, ) ) v. ) ) CENTRAL CREDIT SERVICES, LLC, ) ) DEFENDANT. ) | Civil Action No. 18-cv-01226<br><br>Jury Demanded |

## CLASS COMPLAINT

Plaintiff, Victor Santiago, individually and on behalf of putative class, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA), and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

### STANDING

3. Defendant sent Plaintiff a collection letter that falsely stating the balance of an alleged debt may increase due to interest or other charges.

4. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any false statements and false threats.

5. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define

1

injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff, Victor Santiago, ("Plaintiff') is a resident of the State of Illinois, from who Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted First Premier Bank consumer credit card. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7. Defendant, Central Credit Services, LLC ("CCS") is a Florida limited liability company. CCS does or transacts business in Illinois. Its registered agent is CT Corporation System, located at 208 S. LaSalle St., Suite 814, Chicago, Illinois, 60604. (Exhibit A, Record from Illinois Secretary of State).

8. CCS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. CCS holds a collection agency license from the State of Illinois. (Exhibit B, Record from Illinois Department of Financial & Professional Regulation).

10. CCS regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

11. According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for a First Premier Bank consumer

credit card ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(6) of the FDCPA.

12. Due to his financial circumstances, Plaintiff could not pay any debts, and the alleged debt went into default.

13. CCS was subsequently retained for collection.

14. On or about February 17, 2017, CCS sent a collection letter ("Letter") to Plaintiff regarding the alleged debt. (Exhibit C, Collection Letter).

15. The Letter conveyed information regarding the alleged debt, including the identity of the original creditor, account number and balance.

16. The Letter was thus a "communication" as that term is defined at §1692a(2) of the FDCPA.

17. The Letter was CCS's initial notice to Plaintiff.

18. The Letter states, in a relevant part:

> "Your balance may **increase due to interest or other charges** as permitted by law in your original agreement."

(Ex. C, Letter) (emphasis added)

19. Plaintiff believed, and the unsophisticated consumer would believe, that the alleged debt may increase due to interest or other charges, and therefore the balance of the alleged debt was good only through the date of the Letter.

20. In fact, the balance of the alleged debt was fixed, as the debt had been charged off by the original creditor in May 2016. (Exhibit D, Experian).

21. The amount of the alleged debt at the time of charge-off was $657. (*See*, Ex. D).

22. The original creditor ceased sending statements to Plaintiff and ceased charging interest or other fees at the time of charge off.

23. The original creditor thus waived any right to assess further interest or other charges on the alleged debt.

24. In fact, the balance of the alleged debt has not changed since 2016.

25. CCS nor its client ever intended to add any additional interest or charges to the amount of the alleged debt.

26. Its threat to do so was a false threat.

27. The Letter causes unsophisticated consumers to incorrectly believe that they will financially benefit from sending immediate payment since the amount due "may increase due to interest or other charges" if not paid.

28. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (2) The false representation of—**
>
> **(A) the character, amount, or legal status of any debt; or…**
>
> **. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken…**
>
> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

29. CSS misrepresented the character of an alleged debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(a) and 1692e(5) when it falsely stated the balance of an alleged debt subject to potential "interest or other charges", when in fact the balance would not change at a later date.

30. A Letter is misleading to an unsophisticated consumer if it falsely implies a possible outcome – namely the imposition of "interest or other charges" - that cannot legally come to pass. *Boucher v. Fin. Sys. of Green Bay, Inc.*, No. 17-2308, 2018 WL 443885, at *2 (7th Cir. Jan. 17, 2018).

31. Violations of the FDCPA which would influence a consumer's decision to pay a debt in response to a dunning letter, are material. *Id.* (citing *Muha v. Encore Receivable Mgmt., Inc.*, 558 F.3d 623, 628 (7th Cir. 2009)). Here, Defendant's misrepresentation that the balance was increasing would make Plaintiff more likely to pay the alleged debt out of concern that the balance would be higher if he waited until some future date to pay.

32. CCS could have easily avoided any confusion by simply not including the statement that the amount of the debt may increase due to interest or other charges.

33. The Letter, because of these omissions, would render the unsophisticated consumer unable to determine what needs to be paid to resolve the alleged debt at any given time in the future.

34. 15 U.S.C. § 1692g of the FDCPA provides as follows:

> **Validation of debts**
>
> **(a) Notice of debt; contents**
>
> **Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**
>
> **(1) the amount of the debt . . . .**

35. CCS failed to effectively state the amount of the debt in its initial communication to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(1).

5

36. CCS's failure to properly disclose the possibility of interest and other charges continuing to accrue on the alleged debt is deceptive as a matter of law.

37. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. . .**

38. Defendant failed to properly disclose that the balance due on an alleged debt may increase due to interest or other charges, in violation of 15 U.S.C. § 1692e.

39. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## CLASS ALLEGATIONS

40. Plaintiffs brings this action individually and as a class on behalf of (1) all persons similarly situated in the State of Illinois (2) from whom Defendants attempted to collect an alleged First Premier Bank debt by sending a letter similar to Exhibit C (4) which indicated that the balance may increase due to interest or other charges (5) sent during a period one year prior to the filing of this action and ending 20 days after the filing date of this Complaint.

41. As Exhibit C is a form letter, the Class likely consists of more than 40 persons from whom Defendants attempted to collect a judgment using a letter substantially similar to Group Exhibit C.

42. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class.

This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

43. The prosecution of separate actions by individual members of the Class would create a risk inconsistent or varying adjudications with respect to individual members of the Class, and would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

44. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.

45. Moreover, Plaintiff has retained counsel experienced in class action litigation including class actions brought under the FDCPA.

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

46. Plaintiff re-alleges above paragraphs as set forth fully in this count.

47. CCS misrepresented the character of an alleged debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(a) and 1692e(5) when it falsely stated the balance of an alleged debt may increase due to interest or other charges, when in fact the balance would not change at a later date.

48. CCS failed to effectively state the amount of the debt in its initial communication to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(1).

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's and the class's favor and against Defendant as follows:

    A.    Statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

    B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

    C.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha C. Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
Holly McCurdy
Sarah Barnes
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com